**Rafik PATATANYAN; Edgar Patatanyan; Loreta Patatanyan; Vahe Patatanyan, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75159.

United States Court of Appeals, Ninth Circuit.

Submitted on March 10, 2006.*

Decided March 14, 2006.

Asbet A. Issakhanian, Esq., Glendale, CA, for Petitioners.

Rafik Patatanyan, Valencia, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., Victor M. Lawrence, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, THOMPSON, and WARDLAW, Circuit Judges.

MEMORANDUM [**]

Petitioners Rafik Patatanyan ("Rafik"),[1] his wife Loreta, and their two sons (collectively "the Patatanyans") petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of their application for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture ("CAT"). The BIA affirmed the IJ's finding that Rafik "did not make a credible claim for asylum" because of inconsistencies between the testimony of Rafik and that of his brother regarding their arrest and detention in Armenia in April 1995. We hold that the adverse credibility finding was not supported by substantial evidence and remand for further proceedings.

### I.

We have jurisdiction to review the BIA's final order of removal under 8 U.S.C.

§ 1252(a)(1). Where, as here, the BIA adopts and affirms the IJ's decision pursuant to *Matter of Burbano*, 20 I & N Dec. 872, 874 (B.I.A.1994), and "does not express any disagreement with any part of the immigration judge's decision ... the BIA adopts his decision in its entirety." *Tchoukhrova v. Gonzales*, 404 F.3d 1181, 1188 (9th Cir.2005). We therefore "treat the immigration judge's reasons as the BIA's." *Id.*

### II.

In his opinion, the IJ acknowledged that Rafik's brother's testimony was consistent with the major parts of Rafik's story as to their 1995 arrest and detention, *i.e.*, that "there was an arrest and they were driven in a police car to the station and they were detained for one day and night, beaten and when they would not sign a paper were released and warned not to practice their religion." The IJ premised his adverse credibility finding, however, on eight "minor inconsistencies[ ] and trivial errors" between the accounts of the two brothers, none of which is sufficient to justify the adverse credibility determination. *Osorio v. INS*, 99 F.3d 928, 932 (9th Cir.1996) (internal quotation marks omitted); *see also Kaur v. Gonzales*, 418 F.3d 1061, 1065 (9th Cir.2005) (stating that "minor" or "trivial" discrepancies cannot support an adverse credibility finding). All but one of the discrepancies identified by the IJ involved minor details regarding the incident.[2]

The minor discrepancies between Rafik's and his brother's testimony cited by

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[1] Rafik was the lead alien in the removal proceedings as the other Patatanyan family members' eligibility for relief was based upon his application.

[2] The eighth discrepancy concerned whether the brothers had been baptized as young children.

the IJ cannot support an adverse credibility finding because they "do not relate to the basis of [Rafik's] alleged fear of persecution, go to the heart of the asylum claim, or reveal anything about [Rafik's] fear for his safety...." *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003); *see also Guo v. Ashcroft*, 361 F.3d 1194, 1199 (9th Cir.2004). Moreover, because none of the discrepancies between the brothers' accounts can "be viewed as attempts by the applicant to enhance his claims of persecution, [they] have no bearing on credibility." *Shah v. INS*, 220 F.3d 1062, 1068 (9th Cir.2000) (alteration in original) (internal quotation marks omitted). Finally, the brothers offered a "plausible explanation" for most, if not all, of the purported discrepancies. *Garrovillas v. INS*, 156 F.3d 1010, 1014 (9th Cir. 1998) (holding that "inconsistencies of less than substantial importance for which a plausible explanation is offered" cannot serve as the sole basis for a negative credibility finding). For these reasons, we conclude that the adverse credibility finding was not supported by substantial evidence and therefore must be reversed.[3]

### III.

We remand to the BIA for a determination whether, accepting his testimony as credible, Rafik is eligible for asylum, withholding, and CAT relief. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *see also Singh v. Ashcroft*, 362 F.3d 1164, 1172 (9th Cir.2004) (remanding for determination on asylum eligibility where BIA had addressed only adverse credibility issue).

for further proceedings in accordance with this disposition.

---

3. Although we do not base our grant of the petition on this ground, we note that the record strongly suggests that at least some of the discrepancies between the brothers' testimony were the result of translation problems. Incoherent testimony that is "possibly the result of mistranslation or miscommunication [is] not a sufficient basis for an adverse credibility finding." *Abovian v. INS*, 219 F.3d 972, 979 (9th Cir.2000) (internal quotation marks omitted), *amended by* 228 F.3d 1127 (9th Cir. 2000); *see also He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir.2003) (noting that "faulty or unreliable translations can undermine the evidence on which an adverse credibility determination is based").

